520 So.2d 947 (1987)
Lennis LANDRY and Donna Landry, Individually and on Behalf of Their Minor Son, Matt Landry, Plaintiffs-Appellants,
v.
LAFAYETTE GENERAL HOSPITAL and Robert R. Johns, M.D., Defendants-Appellees.
No. 86-999.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Jones & Counce, Amy Counce, Baton Rouge, for plaintiffs-appellants.
Pugh & Boudreaux, Charles J. Boudreaux, Lafayette, for defendants-appellees.
Before GUIDRY, FORET and YELVERTON, JJ.
GUIDRY, Judge.
Plaintiffs, Lennis and Donna Landry, individually and on behalf of their minor son, Matt, filed this medical malpractice suit and, almost simultaneously, a complaint with the Commissioner of Insurance, pursuant to La.R.S. 40:1299.41 et seq., against defendants, Lafayette General Hospital and Robert R. Johns, M.D., seeking recovery of damages for a "seizure disorder", suffered by Matt, alleged to have resulted from negligent acts committed by either or both defendants at the time the child was born.
Defendants filed an exception of prematurity and a peremptory exception of prescription seeking a dismissal of plaintiffs' suit and their complaint to the Commissioner of Insurance. In their exception of prematurity, defendants urge that plaintiffs' suit is premature in that this matter has not been presented to a medical review panel and no opinion has yet been rendered by such panel. In the other exception, defendants urge that plaintiffs' suit and their complaint filed with the Commissioner of Insurance are prescribed by virtue of the provisions of La.R.S. 9:5628. At the hearing on the exception of prescription, plaintiffs argued that La.R.S. 9:5628 deprived them of due process, equal protection and open access to the courts and was therefore unconstitutional. The trial court *948 sustained defendants' exception of prescription and dismissed plaintiffs' suit. This appeal followed.
The following facts are uncontroverted. Matt Landry was born on July 25, 1981, at Lafayette General Hospital. Matt was delivered by Dr. Robert R. Johns, an obstetrician. Three years and four months later, on November 26, 1984, Matt suffered a violent seizure. On November 25 and 26, 1985, respectively, plaintiffs filed their complaint with the insurance commissioner and this suit alleging that they first discovered the seizure disorder on November 26, 1984.
The issues presented on appeal are whether plaintiffs' claims are prescribed under the provisions of La.R.S. 9:5628 and, if so, whether that statute is constitutional.
La.R.S. 9:5628, as amended, provides that a suit must be instituted on a medical malpractice claim within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of same, provided, however, that with respect to claims filed within one year of discovery, suit must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect. In Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986), and in Crier v. Whitecloud, on rehearing, 496 So. 2d 305 (La.1986), our Supreme Court determined that La.R.S. 9:5628 is a prescriptive statute, rather than a peremptive statute, however, the contra non valentem type exception to prescription embodied in the discovery rule is expressly made inapplicable after three years from the act, omission or neglect. In the present case, although plaintiffs may not have discovered Matt's seizure disorder until November 26, 1984, under the principles announced in Hebert and Crier, their suit and their complaint to the Commissioner of Insurance, filed against all defendants more than three years from date of the alleged act, omission or neglect, is barred. See also, Maltby v. Gauthier, 506 So.2d 1190 (La.1987).
There is no merit to appellants' contentions that La.R.S. 9:5628 unconstitutionally deprives them of due process, equal protection or open access to the courts. These very same contentions were considered and rejected by our Supreme Court in Crier, supra.
For these reasons, the judgment appealed from is affirmed. Plaintiffs-appellants are cast with all costs of this appeal.
AFFIRMED.