516 So.2d 1329 (1987)
Edwanna and Delton CHERAMIE, Jr.
v.
W. Clarence TERRAL, M.D., et al.
No. CA-7327.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Rehearing Denied January 14, 1988.
Robert J. Fineran, Mandeville, for plaintiff.
Lloyd W. Hayes, Robert D. Ford, New Orleans, for defendant.
Before BARRY, LOBRANO and WARD, JJ.
BARRY, Judge.
Mr. and Mrs. Cheramie, plaintiffs, appeal a judgment maintaining an exception of prescription in their medical malpractice *1330 suit involving their son, Darby.[1] Their petition was filed more than three years from the date of the alleged negligence.
The Cheramies took their infant, Darby, to Terral's Children's Clinic for a routine DPT shot (diptheria, pertussis and tetanus) in May, 1981. At that time, according to the petition, the baby had a history of neurological problems with visible symptoms. The parents allege no warning was given relative to possible dangers or problems. Shortly after receiving the shot, the petition states that Darby suffered a stroke, his eyes bulged, he twirled his head more, and was irritable and had frequent fever. The parents allege the DPT vaccine should not have been given to a baby with a pre-existing neurological disorder.
The Cheramies were not aware that Darby's condition had greatly worsened as a result of the shot until they saw a 20/20 television program on February 5, 1985 which dealt with the potential dangers of a DPT shot. Their suit was filed February 4, 1986, within one year of the program date. At that time Darby was 5 and could not walk, eat alone or care for himself.
Dr. Clarence Terral and Terral's Children's Clinic filed exceptions of prescription based on La.R.S. 9:5628, and alternatively on prematurity. Prescription was maintained and the suit against them dismissed with prejudice.
The Cheramies now argue that La.R.S. 9:5628 is unconstitutional[2] and that the timely filing of suit against the vaccine manufacturer interrupted prescription against the health care provider.
La.R.S. 9:5628 provides:
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
In Crier v. Whitecloud, 496 So.2d 305 (La.1986) (on rehearing), a closely divided court upheld the constitutionality of the statute based on the evidence before the Supreme Court. The Crier claims were that La.R.S. 9:5628 violated due process and equal protection under the federal and state constitutions as well as the plaintiff's right of access to the courts under La. Const. Art. I, § 22. Chief Justice Dixon's dissent concludes the statute allowing prescription to run when a tort victim does not know he has been damaged violates the open access to courts provision.[3]
Justice Dennis also dissented by expressing concern over applying the statute to minors and advocated a remand to allow the plaintiff an opportunity to show the statute did not substantially further any appropriate state interest, a level of scrutiny higher than the federal minimal level.[3] See Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985) (on rehearing). Although concurring with the majority view as to the access *1331 to courts provision, Justice Calogero dissented in part and subscribed to Justice Dennis' view that the matter should be remanded for a hearing on the possible equal protection violation. Justice Lemmon's concurrence leaves open the future possible consideration of adequate proof of unconstitutionality.
Following Crier our Supreme Court held that a plaintiff's medical malpractice suit arising from a negligent act that occurred prior to the effective date of La.R.S. 9:5628 was not barred by the three year prescriptive period because of the doctrine contra non valentem agere nulla currit praescriptio.[4]Deas v. Louisiana Department of Health and Human Resources, 507 So. 2d 824 (La.1987); McBride v. Earl K. Long Memorial Hospital, 507 So.2d 821 (La. 1987); Griffin v. Kinberger, 507 So.2d 821 (La.1987); Maltby v. Gauthier, 506 So.2d 1190 (La.1987). The DPT shot here was administered subsequent to the 1975 date of La.R.S. 9:5628 and Maltby and similar cases are not relevant.
As in Crier, supra, this suit was filed against all defendants more than three years from the date of the alleged negligent act although within one year of the parents' discovery that the shot caused their child's worsened condition. The Cheramies' action against Wyeth Laboratories is governed by the one year prescriptive period of La.C.C. Art. 3492 coupled with the discovery exception of the jurisprudential doctrine of contra non valentem. Their suit against the manufacturer was timely since it was filed within one year of the discovery of the damage. However, La.R.S. 9:5628 makes contra non valentem inapplicable to the action against the doctor. Thus, plaintiffs' argument that the timely suit against Wyeth Laboratories in February, 1986 interrupted prescription against the doctor and clinic (which had run in 1984) has no merit. Their reliance on Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986) and Billiot v. American Hospital Supply Corporation, 721 F.2d 512 (5th Cir.1983), involving suits within the three year period against a defendant bound in solido with the doctor, is misplaced.
Our conclusion is dictated by the result from the sharply divided court in Crier v. Whitecloud, supra, and because of the total lack of evidence and argument on La.R.S. 9:5628's unconstitutionality.
The judgment maintaining the exception of prescription is affirmed.
AFFIRMED.
WARD, J., concurs.
WARD, Judge, concurring.
I concur in the majority's conclusion that the plaintiffs' action was not timely filed under R.S. 9:5628. Furthermore, I agree with the majority of the Supreme Court in Crier v. Whitecloud.
NOTES
[1] The parents also sued Wyeth Laboratories or ABC Drug Manufacturing Company as the manufacturer of the vaccine.
[2] Appellant's brief simply concludes the statute is "possibly" unconstitutional without argument. In the trial court the issue was not raised.
[3] The author of this opinion agrees with both dissents.
[4] The latin means that no prescription runs against a person unable to bring an action.