WICKER, Judge,
concurring.
I agree generally with most of the views expressed in the majority opinion. Nevertheless, I should like to point out that I believe that the civilian doctrine of contra non valentem agere nulla currit praes-criptio is also applicable between the father, Mark Kozloski, and DHHR.
The maxim of contra non valentem agere nulla currit praescriptio has long been an accepted exception to prescription. Comment, The Scope of the Maxim Contra Non Valentem in Louisiana, 12 TUL.L. REV. 244 (1938).
Our brothers in the Fourth Circuit have clarified this important maxim in Minor v. Casten, 521 So.2d 465, 467 (La.App. 4th Cir.1988):
Prescription runs against all persons unless an exception is established by legislation. La.C.C. Art. 3467 (pre-1982 Art. 3521). However, our jurisprudence recognizes as a limited exception the doctrine of contra non valentem agere nul-la currit praescriptio, i.e.- prescription does not run against a party who is unable to bring an action. Hebert [v. Dotors Memorial Hospital], 486 So.2d [717 (La.1986)] at 721, n. 7; Cheramie v. Terral, 516 So.2d 1329 (La.App. 4th Cir.1987).
There are four situations where contra non valentem might apply to prevent prescription: (1) where there was a legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff’s action; (2) where some condition coupled with the proceedings prevented the creditor from suing or acting; (3) where the debtor has done an act to prevent the creditor from using his cause of action; (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though not induced by the defendant. Gover [v. Bridges], 497 So.2d [1364 (La.1986)] at 1368; Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979). See Comment, The Scope of the Maxim Contra Non Valentem in Louisiana, 12 TUL.L.REV. 244 (1938). Recently the doctrine was upheld as still a viable ex *1275 ception to the running of prescription. Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034 (La.1987).
The Louisiana Supreme Court recognizes the first three situations of the doctrine to occur when “the cause of action [has] accrued, but nevertheless the plaintiff [is] prevented from enforcing it by some reason external to his own will.” Corsey, supra at 1322. Here the father was caught in a situation where the cause of action against DHHR accrued while he had not yet regained custody of his child from the very entity he contemplated suing. He effectively had no choice. Suing DHHR during the prescriptive period could only chill his efforts to regain custody. Thus, the father was prevented from enforcing the minor child’s action against DHHR for a reason external to his own will. He could not avail himself of his judicial remedy against DHHR during the prescriptive period.