588 So.2d 723 (1991)
Gabriel Melvin GAUTHREAUX, Jr., Individually and on Behalf of His Minor Daughter, Brandi Lynn Gauthreaux
v.
RHEEM MANUFACTURING COMPANY and Louisiana Gas Service Company.
No. 91-CA-108.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 1991.
Writ Denied January 30, 1992.
As Amended on Denial of Rehearing February 6, 1992.
Wendell H. Gauthier, Robert M. Murphy, Edward F. Downing, III, Gauthier & Murphy, Metairie, for plaintiff-appellant Gabriel Melvin Gauthreaux, Jr.
Dominic J. Ovella, Laurence E. Larmann, Hailey, McNamara, Hall, Larmann & Papale, Metairie, for defendant-appellee Rheem Mfg. Co.
Donald A. Hoffman, Daniel A. Webb, Noel L. Delery, L. Gerome Smith, Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, for defendant-appellee Louisiana Gas Service.
William J. Guste, Jr., Atty. Gen., David A. Dalia, Asst. Atty. Gen., Louisiana Dept. of Justice, New Orleans, for defendant-appellee.
Before KLIEBERT, C.J., and BOWES and GOTHARD, JJ.
KLIEBERT, Chief Judge.
This action by Gabriel Melvin Gauthreaux, Jr., Individually and on Behalf of his Minor Daughter, Brandi Lynn Gauthreaux, was filed in October 1988 for damages occasioned by a fire which occurred in July of 1980. The initial petition alleges *724 the fire occurred when a gas heater manufactured by defendant Rheem Manufacturing Company ("Rheem") and supplied with natural gas by defendant Louisiana Gas Service Company ("LGS") ignited flammable vapors causing a fire or explosion which resulted in permanent, disabling, and disfiguring injuries to the minor child. Strict liability and negligence are pleaded against both defendants who are averred to be solidarily liable. The facts constituting the basis for the alleged liability of the defendants are averred not to have come to the knowledge of petitioner until after July of 1988 and thus prescription did not begin to run until that time.
By supplemental petition filed in November of 1988 the petitioner pleaded that the water heater had redhibitory defects in accordance with LSA-C.C. Arts. 2520-2548 and that such defects and vices had not come to his attention until July of that year.
Subsequently, in a second supplemental and amending petition filed in June of 1990 the plaintiff set forth his anticipation that the defendants would invoke and rely upon the provisions of LSA-C.C. Art. 3492 to sustain peremptory exceptions of prescription and specifically pleaded that this statute, as applied to minors, is unconstitutional, null, and void for it is:
1) In violation of the due process clauses of Art. 1, Sec. 2 of the Constitution of Louisiana and of Sec. 1 of the 14th Amendment of the Constitution of the United States;
2) In violation of the Equal Protection Clauses of Art. 1, Sec. 3 of the Constitution of the State of Louisiana and of the 14th Amendment to the Constitution of the United States; and
3) In violation of the Access to Courts' Provisions of Art. 1, Sec. 22 of the Constitution of the State of Louisiana.
The State of Louisiana, Office of Attorney General was made an additional defendant and the prayer was for judgment against the State declaring LSA-C.C. Art. 3492 unconstitutional, null, and void insofar as it applies to minors and for damages against the other two defendants as prayed for originally.
In July of 1990 an "Exception of No Cause of Action and/or Motion for Judgment on the Pleadings" was filed by LGS as to the second supplemental and amending petition. In August of 1990 Rheem filed its "Exception of No Cause of Action and, In The Alternative, Motion For Summary Judgment" to plaintiff's second supplemental petition.
Memoranda and suggested reasons for judgment were submitted by the various parties in support of their respective positions. On December 3, 1990 the trial judge handed down his Reasons for Judgment (which were almost verbatim those suggested by LGS) and on December 10, 1990 judgment was signed which sustained the exceptions of no cause of action filed by both defendants.
The plaintiff filed for and a devolutive appeal was granted on December 20, 1990. Thereafter, on February 14, 1991 the lower court signed yet another judgment which granted "defendants' exceptions of prescription, no cause of action and motion for summary judgment."
On September 4, 1991 (the day before the case was set for hearing in this Court) the plaintiff-appellant Gauthreaux, through his counsel, filed an ex parte motion to dismiss his appeal against Rheem, but reserving all rights against Louisiana Gas Service Company or any other named defendant. Both parties were given time to supplement the record and to file briefs in support of, or in opposition to the motion to dismiss. We consider first the motion to dismiss.
The motion to dismiss[1] specifically stated that it was being filed under the provisions of Rule 2-8.4, which provides as follows:
"Where there has been no timely answer to the appeal, or other formal action to amend or modify the judgment *725 appealed, the applicant may, by ex parte motion, have the appeal dismissed, with leave of court."
We have carefully gone over the record. We find that Rheem has neither filed an appeal nor a timely answer to the plaintiff's appeal; consequently, under our rules the plaintiff is entitled to an ex parte dismissal of his appeal. This leaves Louisiana Gas Service and the State of Louisiana as the only defendants on the appeal.[2] We will now consider the merits of the appeal against Louisiana Gas Service and the State of Louisiana.

ON MERITS
Although the appeal is only on the court's ruling granting the exception of no cause of action, the parties' briefs focused foremost on the constitutionality of Civil Code Article 3492, which has been interpreted to permit prescription to run on a minor's tort claim during his minority.
The thrust of both the original and reply briefs filed by appellant in this Court is that our Louisiana Courts "have never clearly examined" the issue of whether allowing the running of prescription during minority violates the Louisiana Constitutional guarantee of access to courts and the Louisiana and United States Constitutional guarantees of due process and equal protection suggesting that as 47 of our sister states prohibit the running of prescription during minority and courts examining statutes barring minors' claims during minority have been uniformly held unconstitutional, the strong indication is that Louisiana statutes that allow the running of prescription during minority are likewise unconstitutional.
Although we sympathize with the plaintiff and believe that it may well be time to change our rule, as an intermediate appellate court we are bound to follow the precedent set by our Supreme Court.
As is seen by the authorities cited by the trial judge in his Reasons for Judgment, Louisiana courts have consistently rejected constitutional challenges to allowing prescription to run against minor's claims during minority. Appellant can only rely on cases from other jurisdictions as did Justice Dennis in his dissent in Crier v. Whitecloud, 496 So.2d 305 (La.1986) where, at page 314, he quotes from the Supreme Court of Missouri. As far as this Court is concerned our statutes on the subject have passed constitutional muster and the matter has been put to rest. We agree with the trial judge that any change in the law now must come from the legislature or our Supreme Court.
Further, we agree with the trial court's rejection of plaintiff's contentions and adopt his reasoning for same as our own:
The trial court's reasons for judgment are as follows:
"The exceptions must be decided on the face on (sic) the petition as amended standing alone. All well-pleaded allegations of fact are to be considered as true. This court must determine whether the law affords a remedy under the circumstances alleged, under any theory of the case. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91, 92 (La.1984).
"Plaintiff has alleged that Article 3942 violates the due process, equal protection and access to the courts provisions of the Louisiana Constitution and the due process and equal protection clauses of the United States Constitution.
"Plaintiff asks the Court to make new law by holding that Article 3492, as applied to minors, violates the Constitutions of the State of Louisiana and of the United States. However, the District Court is bound to follow and apply the law, particularly where decisions of the Supreme Court of Louisiana are binding. Any change in the Louisiana law of prescription must occur by action of the State Legislature.

I. Assertion of Denial of Equal Protection

"Plaintiff has failed to establish a violation of the Equal Protection Clauses of *726 either the United States or Louisiana Constitution. In order to demonstrate that a law violates the Equal Protection Clauses, the plaintiff must show that the law (i) classifies persons in terms of their ability to exercise a fundamental right, or (ii) establishes a classification on the basis of race, national origin, alienage, illegitimacy or gender. Nowak, Rotunda & Young, Constitutional Law 600 West 2d Ed.1983). If a law does not impinge upon a fundamental right or operate to the disadvantage of a suspect class, it will be upheld if the court can find any rational basis reasonably related to the governmental interest sought to be advanced by such law. Everett v. Goldman, 359 So.2d 1256, 1266 (La. 1978).
"Fundamental rights include such rights as free speech, voting, interstate travel and other fundamental liberties. Everett, 359 So.2d at 1266. See also Bazley v. Tortorich, 397 So.2d 485 [475], 483 (La.1981). The Louisiana Supreme Court has addressed the issue of whether the right to recover in tort is a fundamental right, and has held that it is not. Bazley, 397 So.2d at 485; Everett, 359 So.2d at 1266. Therefore, because the state's legitimate regulations in the area of tort neither implicate nor impinge upon a fundamental right, plaintiff has failed to assert an equal protection violation based upon the first prong of the equal protection test, set forth above.
"Plaintiff also fails the second prong of the equal protection test by not establishing a classification based upon a suspect grouping, such as race, national origin, alienage, illegitimacy or gender. Application of a prescriptive period to all persons, including minors and interdicted persons, unless they are excluded by some exemption established by law, does not create any sort of classification, much less a suspect class. See Gordon v. Alexandria Coca-Cola Bottling Co., Ltd., 408 So.2d 1007 (La.App.3d Cir.1981), writ denied, 412 So.2d 86 (La. 1982).
"In considering an equal protection challenge where legislation does not impinge upon a fundamental right or operate to the disadvantage of a suspect class, the courts will uphold the law unless the plaintiff shows "that it does not suitably further any appropriate state interest." Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094, 1108-09 (La. 1985). Plaintiff has failed to assert or prove that allowing prescription to run against the claims of minors substantially furthers no important interests. In the instant case, the state has a clear and substantial interest in promoting justice by establishing and enforcing statutory limitations periods. As the United States Supreme Court has noted:
"Statutory limitations periods are `designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitations and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.'"
American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 [94 S.Ct. 756, 766] 38 L.Ed.2d 713, 727 (1974) (quoting Order of Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 348-49 [64 S.Ct. 582, 586, 88 L.Ed. 788].
"Clearly, orderly administration of the judicial system and the promotion of justice are significant state interests which are substantially furthered by statutory limitations periods.
"Louisiana Civil Code Article 3468 as amended and reenacted in 1983, reads:
Prescription runs against absentees and incompetents, including minors and interdicts, unless exception is established by legislation.
Prior to the 1983 amendments, the Revision Comments reveal that Article 3468 suspended prescription in favor of minors and interdicts, unless exception was established by legislation. The 1983 Revision Comments note that `[i]n reality, exceptions [to suspending prescription in favor of minors and interdicts] had swallowed that rule.' *727 Thus, due to the number of legislative exceptions to suspending prescription, in 1983 the legislature elected to reverse the operation of this Article to provide that prescription runs against minors unless an exception is established by legislation. By reversing the operation of Article 3468, the State Legislature clearly expressed its determination that prescription should run against minors, and that it should do so in increased number of circumstances. The Louisiana Supreme Court has declared that courts are not empowered to second-guess the legislators who are charged with the `heavy responsibility' of regulating such matters. Bazley, 397 So.2d at 484-85. See also Parker v. Cappel, 500 So.2d 771, 774 (La.1987) (The Court noted that it had long observed a policy of restraint from interfering with the co-equal legislative branch).
"Based upon the foregoing, plaintiff has failed to establish violations of the Equal Protection Clauses, because the limitations period set forth in Article 3492 of the Louisiana Civil Code is substantially related to the state's interest in promoting justice and neither impinges upon a fundamental right nor operates to the disadvantage of a suspect class. The Louisiana cases which have considered equal protection challenges to applying prescription to bar the claims of minors are in accord.
"Succession of Grice, 462 So.2d 131 (La.) appeal dismissed, sub nom. Boudreaux v. Grice, 473 U.S. 901 [105 S.Ct. 3517, 87 L.Ed.2d 646] (1985), interpreted Civil Code Article 209 but the principles and the logic are the same and are controlling here. The Louisiana Supreme Court held that applying a time limitation (prescription) to illegitimates (as opposed to legitimate heirs) does not violate the equal protection clause of the Constitution. See also Cheramie v. Terral, 516 So.2d 1329 (La.App. 4th Cir. 1987), writ denied, 521 So.2d 1169 (La. 1988) (court upheld constitutionality of applying statute of limitations, requiring medical malpractice claims to be brought no later than three years of date of alleged malpractice, to bar the tort claims of the minor plaintiff); Landry v. Lafayette General Hospital, 520 So.2d 947 (La.App. 3d Cir.1987) (court upheld constitutionality of applying statute of limitations to bar the claims of a minor, finding `no merit' to the plaintiff's contention that the statute of limitations unconstitutionally deprived the minor plaintiff of due process, equal protection or open access to the courts).
"Gordon v. Alexandria Coca-Cola Bottling Co., Ltd., 408 So.2d 1007 (La.App. 3d Cir.1981), writ denied, 412 So.2d 86 (La. 1982) involved minors with or without court-appointed tutors with the same result as the case at bar. Since there is no denial of equal protection in applying prescription to minors without court appointed tutors (as compared to minors with court appointed tutors) there is no violation of the Constitution in applying prescription to minors with natural tutors (i.e. plaintiff's father, Gabriel Melvin Gauthreaux).
"Additionally, the United States Supreme Court's dismissal of the appeal from the Louisiana Supreme Court's decision in Succession of Grice, supra, was for want of a substantial federal question. Boudreaux v. Grice, 473 U.S. 901 [105 S.Ct. 3517], 87 L.Ed.2d 646 (1985). Dismissal for want of a substantial federal question, unlike the denial of a writ of certiorari, is a disposition on the merits of a case. Hicks v. Miranda, 422 U.S. 332, 334 [95 S.Ct. 2281, 2284-85], 45 L.Ed.2d 223, 236 (1975). Accord 28 U.S.C.A. § 1257 (West.Supp.1990) (Commentary on 1988 Revision 42-43). For this reason, the Court has held that the `lower courts are bound by summary decision by this Court until such time as the Court informs them that they are not.' Hicks, 422 U.S. at 334 [95 S.Ct. at 2284-85], 45 L.Ed.2d at 236. In view of the foregoing, the Louisiana Supreme Court's decision in Succession of Grice, upholding the constitutionality of a limitations statute which may bar the claims of a minor, is clearly correct. The United States Supreme Court's decision in Boudreaux v. Grice, supra, makes it equally certain that the application of a statute of limitations to bar the claims of a minor does not violate the Equal Protection Clause.

II. The Assertion of Denial of Due Process

"Plaintiff quotes extensively from the dissent of Mr. Justice Dennis in Crier v. *728 Whitecloud, 496 So.2d 305 (La.1986). However, plaintiff ignores the decision of the majority of the Supreme Court of Louisiana which held that the one year prescriptive period for filing medical malpractice claims (as applied to minors) does not violate equal protection, due process or open access to the courts.
"Plaintiff also cites Crier v. Whitecloud, 496 So.2d 305 (La.1986), in support of the assertion that when an injury occurs, it gives rise to a vested property right which is protected by the Constitution. Plaintiff's reliance on Crier is mistaken. Although the Crier Court acknowledged that a cause of action may be a property right, it noted that the legislature was empowered to fashion and limit the causes of action that a state recognizes. Id. at 309. The Crier Court clearly held that those who did not file suit within the statutory time period had no cause of action, and thus no vested property right in bringing suit. Id.
"Thus, the Crier decision actually explains in clear and concise terms the precise reasons why the plaintiff has shown no due process violation. Based upon Crier, failure to file a tort action within the applicable limitations period does not give rise to a vested property right. Therefore, the plaintiff's due process argument is unsupportable.

III. Allegation of Denial of Access to the Courts

"The plaintiff asserts that no Louisiana courts have considered whether the application of prescription to bar the claims of minors denies their access to the courts in violation of Article 1, Section 22 of the Louisiana Constitution. Plaintiff is mistaken in this assertion.
"Louisiana courts have considered the issue of applying prescription to bar the claims of minors, and have concluded that the minors were not denied open access to the courts in violation of the Louisiana Constitution. Landry v. Lafayette General Hospital, 520 So.2d 947, 948 (La.App. 3d Cir.1987) (Court upheld constitutionality of applying statute of limitations to bar the claims of a minor, finding `no merit' to the plaintiff's contention that the statute of limitations unconstitutionally deprived the minor plaintiff of due process, equal protection or open access to the courts); Cheramie v. Terral, 516 So.2d 1329 (La.App. 4th Cir.1987), writ denied, 521 So.2d 1169 (La.1988); (court upheld constitutionality of applying statute of limitations, requiring medical malpractice claims to be brought no later than three years of date of alleged malpractice, to bar the tort claims of the minor plaintiff).
"Based upon the foregoing, it is clear that application of prescription to bar the claims of minors does not violate due process, equal protection or open access to the courts. Therefore, plaintiff has failed to establish a violation of constitutional rights."
We therefore grant plaintiff's motion to dismiss his appeal as against Rheem and affirm the trial court's judgment maintaining Louisiana Gas Service's exception of no cause of action to the second supplemental petition.
MOTION TO DISMISS GRANTED JUDGMENT AFFIRMED.
GOTHARD, Judge, concurring.
While I agree that the current status of the law precludes judgment in favor of the plaintiffs, I believe the inequities of this decision warrant legislative action. Allowing prescription to run against minors results in the minor plaintiff's loss of the ability to exercise a legal right to bring an otherwise valid claim, despite the fact that the minor is totally blameless. Under the existing law a minor's only chance to seek redress for injuries tortiously caused depends solely on the diligence and willingness of the parent to pursue the claim timely. There is no protection for a child whose parent is ignorant or irresponsible or who is otherwise reluctant to actively protect the child's right to sue. A child gains control of his legal destiny upon majority. His only recourse then is to sue the parent for failure to act. This system is unrealistic and unfair to the minor.
NOTES
[1] Attached to the motion to dismiss filed in this Court was a motion to dismiss and an order of dismissal filed and granted by the trial court on September 4, 1991. We have neither considered nor passed on the validity of the motion to dismiss filed in the district court.
[2] The State filed subsequent to the submission of the case a motion to dismiss the appeal as interlocutory. The motion came too late and was not being considered by us on this appeal.