750 So.2d 1168 (2000)
Gilda S. WOODS, Individually and on Behalf of Her Minor Son, Larry Eugene Woods
v.
ST. CHARLES PARISH SCHOOL BOARD, David Rosenthal, Eileen Champagne and Coregis Insurance Companies.
No. 99-CA-962.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2000.
*1169 Jan P. Jumonville, Metairie, Louisiana, Attorney for Plaintiffs-Appellants Gilda Woods, Individually and on behalf of her minor son, Larry Woods.
Elizabeth Haecker Ryan, New Orleans, Louisiana, Attorney for Defendants-Appellees St. Charles Parish School Board and Coregis Insurance Companies.
Court composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CHEHARDY, Judge.
Plaintiff appeals the dismissal of her personal injury petition on an exception of prescription. She disputes the applicability of one-year prescription, arguing that the applicable prescription in this case is three years. We affirm, for the reasons that follow.
Plaintiffs petition alleges that her son, Larry Woods, was injured on October 3, 1997, when he tripped over the hem of his band uniform while marching with the band of Hahnville High School in St. Charles Parish. She named as defendants the parish school board, the band director, a member of the high school booster club, and the school board's insurer. She alleged the booster club member had attempted to shorten Larry's too-long pants legs by taping the hems with adhesive tape. The tape did not hold and Larry tripped when the hem fell down. Plaintiff asserted that the school board was vicariously liable for negligence of the band director in failing to provide a properly fitting band uniform, failing to properly secure the hem on the uniform pants, failing to properly supervise and direct the booster club member who taped the hem, and allowing a student to perform in the band while wearing uniform pants that were not the proper size and were a danger.
On October 2, 1998 plaintiff transmitted a copy of her petition to the clerk of the 29th Judicial District Court via facsimile. However, the original of the petition was not physically received in the clerk's office until November 2, 1998.
Under La. C.C. Art. 3492, delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained.
The school board and its insurer filed an exception of prescription, alleging that the October 2, 1998 facsimile filing of the petition was insufficient to interrupt prescription because plaintiff had failed to file the original document within five days of the facsimile transmission.[1]
*1170 Plaintiff responded with a supplemental and amended petition alleging that the "sole and proximate cause or a concurrent proximate cause of the accident" was defendants' "negligence and fault" in "[i]nfliction of physical and mental injury upon a child as a result of inadequate supervision."
Plaintiff then filed an opposition to the exception of prescription, asserting that the November 2, 1998 filing was timely under La. C.C. Art. 3496.1, which provides a prescription of three years for actions for abuse of a minor. Plaintiff asserted that her claims on behalf of her son, as set forth in her supplemental and amended petition, fit in the category of "abuse" as defined in La. Ch.C. Art. 603(1)(a).
After a hearing, the trial court granted the exception of prescription. In reasons for judgment the court held that the three-year prescription of La. C.C. Art. 3496.1 is inapplicable because the allegations in the petitions relate solely to negligence. The court found, "Plaintiff's attempted coupling of Louisiana Civil Code Article 3496.1 with Louisiana Children's Code Article 603(1) creates an inappropriate and unnatural coupling ... because Children's Code Article 603(1) applies to the occurrence of an intentional tort." The court noted that plaintiff's claims that defendants are responsible for "inadequate supervision" are within a paragraph asserting negligence.
Plaintiff appeals, asserting the trial court erred in granting the exception of prescription.

APPLICABLE PRESCRIPTIVE PERIOD
Plaintiff contends the three-year prescription of La. C.C. Art. 3496.1 applies because Article 3496.1 does not define or limit the term "abuse of a minor" and the definition of "abuse" in La. Ch.C. Art. 603(1)(a) "does not limit `abuse' to `intentional.'"
La. C.C. Art. 3496.1 states:
An action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches the age of majority. This prescriptive period shall be subject to any exception of peremption provided by law.
Plaintiff argues that the definition of abuse set forth in La. Ch.C. Art. 603 is applicable because Art. 3496.1 does not define "abuse." La. Ch.C. Art. 603, under Title VI of the Children's Code (Child in Need of Care), provides in pertinent part:
As used in this Title:
(1) "Abuse" means any one of the following acts which seriously endanger the physical, mental, or emotional health of the child:
(a) The infliction, attempted infliction, or, as a result of inadequate supervision, the allowance of the infliction or attempted infliction of physical or mental injury upon the child by a parent or any other person.
Although La. C.C. Art. 3496.1 does not specifically refer to the definition of abuse *1171 in La. Ch.C. Art. 603, reference to that definition is appropriate in the context of Art. 3496.1. See Dugas v. Durr, 96-744 (La.App. 3 Cir. 3/6/98), 707 So.2d 1368, writ denied, 98-0910 (La.5/15/98), 719 So.2d 464.[2]
Our focus in interpreting Article 603's language, however, is not so much on the term "abuse" as on how abuse is defined in the article: "The infliction, attempted infliction, or, as a result of inadequate supervision, the allowance of the infliction or attempted infliction...." (Emphasis added.) The key word is "infliction."
"Infliction" is derived from the verb "inflict." "Inflict" is defined as "to give by striking" or "to cause (something damaging or painful) to be endured: impose." Webster's Ninth New Collegiate Dictionary 620 (1989). Synonyms for "inflict" include the following expressions: "administer a penalty, administer punishment,... apply, beset, bring about, bring upon,... cause, cause to suffer, coerce, ... enforce, force, force upon, give pain, harass, harm, hurt, ... impose, impose punishment,..., injure, maltreat, mete out, ... produce injury, punish, ... strike, torment, torture." William C. Burton, Legal Thesaurus 280 (MacMillan 1980).
In our view, "inflict" connotes an actor who performs the infliction-something cannot be "inflicted" on a victim without a perpetrator. According to the allegations of the petition here, however, Larry fell because the tape on the hems of his pants failed to hold the hems, which dropped down so that his foot or feet caught in the hems of the pants. There is no allegation of a perpetrator who caused the hems to fall. The allegations reflect an accident arising from the mechanics of inanimate objects.
Thus, the alleged "inadequate supervision" of defendants did not result in the administration or perpetration-"infliction"-of an injury by someone else. Accordingly, defendants' acts cannot be viewed as "abuse of a minor" and La. C.C. Art. 3496.1 is not applicable. The applicable prescriptive period is one year as set forth in La. C.C. Art. 3492. The trial court's ruling was correct.

DUE PROCESS AND EQUAL PROTECTION CLAIMS
Alternatively, plaintiff argues the five-day time limitation in La. R.S. 13:850 for filing the original petition after its facsimile transmission denies plaintiffs' right to sue, violates their rights of due process and equal protection under the federal and state constitutions, as well as their right of access to the courts guaranteed by Art. 1, § 22 of the Louisiana Constitution.
As to due process, she asserts the state has no rational interest in limiting the time to file an original petition and pay filing fees in five days from the clerk's receipt of the faxed pleading. She argues a rational rule would be to require simply that the original pleading and filing fee be postmarked within five days of the facsimile filing.
She also argues that the one-year statutory limitation period violates minors' rights to access to the courts by depriving minor claimants of a right to assert their claims individually, making them dependent on on the actions of others to assert those claims. She contends this is too severe a penalty to be justified by the state's interest in requiring a petition and fee be received in five days.
This melange of unconstitutionality claims is best addressed by referring to this Court's decision in Gauthreaux v. Rheem Mfg. Co., 588 So.2d 723 (La.App. 5 Cir.1991), writ denied 592 So.2d 409 (La. 1992), which contains a lengthy discussion of such claims:

*1172 Louisiana courts have consistently rejected constitutional challenges to allowing prescription to run against minor's claims during minority.... [A]ny change in the law now must come from the legislature or our Supreme Court.
* * *
The Louisiana Supreme Court has addressed the issue of whether the right to recover in tort is a fundamental right, and has held that it is not. * * * Therefore, because the state's legitimate regulations in the area of tort neither implicate nor impinge upon a fundamental right, plaintiff has failed to assert an equal protection violation based upon the first prong of the equal protection test, set forth above.
Plaintiff also fails the second prong of the equal protection test by not establishing a classification based upon a suspect grouping, such as race, national origin, alienage, illegitimacy or gender. Application of a prescriptive period to all persons, including minors and interdicted persons, unless they are excluded by some exemption established by law, does not create any sort of classification, much less a suspect class....
Plaintiff has failed to assert or prove that allowing prescription to run against the claims of minors substantially furthers no important interests. In the instant case, the state has a clear and substantial interest in promoting justice by establishing and enforcing statutory limitations periods....
Clearly, orderly administration of the judicial system and the promotion of justice are significant state interests which are substantially furthered by statutory limitations periods.
* * *
Based upon the foregoing, plaintiff has failed to establish violations of the Equal Protection Clauses, because the limitations period set forth in Article 3492 of the Louisiana Civil Code is substantially related to the state's interest in promoting justice and neither impinges upon a fundamental right nor operates to the disadvantage of a suspect class.
* * *
[F]ailure to file a tort action within the applicable limitations period does not give rise to a vested property right....
* * *
Louisiana courts have considered the issue of applying prescription to bar the claims of minors, and have concluded that the minors were not denied open access to the courts in violation of the Louisiana Constitution....
Based upon the foregoing, it is clear that application of prescription to bar the claims of minors does not violate due process, equal protection or open access to the courts. Therefore, plaintiff has failed to establish a violation of constitutional rights.
Gauthreaux v. Rheem Mfg. Co., 588 So.2d at 725-728.
Accordingly, we find no merit in plaintiff's claims of unconstitutionality.
For the foregoing reasons, the judgment is affirmed. Costs of appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] La. R.S. 13:850 provides that pleadings in a civil action may be filed by facsimile transmission provided that the filing party forwards the original signed document and applicable fees to the clerk of court within five days of the transmission:

A. Any paper in a civil action may be filed with the court by facsimile transmission.... Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1) The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.
[2] Cf. La. R.S. 9:2800.9(A), "An action against a person for sexual abuse of a minor, or for physical abuse of a minor resulting in permanent impairment or permanent physical injury or scarring, is subject to a liberative prescriptive period of ten years.... Abuse has the same meaning as provided in Louisiana Children's Code Article 603(1)."