L McKAY, Judge.
In this case, plaintiff appeals from the trial court’s granting of defendant’s exception of prescription. We affirm.
FACTS AND PROCEDURAL HISTORY
In 1979, Cynthia Liner received a blood transfusion at Hotel Dieu Hospital. Ap *337 proximately eighteen years later, Ms. Liner was diagnosed with Hepatitis C virus.[1] It is likely that the blood transfusion that Ms. Liner received at Hotel Dieu in 1979 was the source of her infection.
On June 17, 1998, less than one year after her diagnosis, Ms. Liner filed suit against the Daughters of Charity of St. Vincent DePaul, Inc. and Hotel Dieu Hospital. The defendants filed an exception of prescription, which the trial court granted on January 22, 1999. The plaintiff then filed a motion for a new trial which the trial court denied. Plaintiff now appeals.
DISCUSSION
In this appeal, the plaintiff contends that the trial court erred in finding that her claim had prescribed because her cause of action is based on strict liability and |2therefore the Louisiana Medical Malpractice Act (La. R.S. 40:1299.41 et seq.) does not apply. Plaintiffs contention is wrong.
According to La. R.S. 40:1299.41, subd. MS):
“Malpractice” means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from defects in blood, tissue, transplants, drugs and medicines, or from defects in or failures of prosthetic devices, implanted in or used on or in the person of a patient.
(Emphasis added).
The plaintiffs argument that her case is based on strict liability rather than negligence has no bearing on the outcome of the case. The phrase “all legal responsibility,” as used in the statutory definition of malpractice, clearly encompasses all legal theories, including strict liability. Therefore, we must look to the statute governing the period of prescription for actions for medical malpractice.
The prescriptive period for all medical malpractice actions is governed by La. R.S. 9:5628.[2] According to that statute:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist psychologist, optometrist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41, subd. A, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events Lsuch claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
In the instant case, Ms. Liner discovered in 1997 that she had the hepatitis C virus. She filed suit against the defendant, a hospital duly licensed under the laws of this state, within one year from the date of the discovery of the alleged act, *338 omission, or neglect that caused her infection. However, the filing of Ms. Liner’s lawsuit took place more than nineteen years after the alleged act, omission, or neglect that caused her infection. Clearly, Ms. Liner’s suit was filed more than three years after the blood transfusion she received in 1979.
The Louisiana Supreme Court has on several occasions recognized that La. R.S. 9:5628 was expressly enacted to provide a prescriptive period for medical malpractice claims and serves as a bar to recovery in all cases where medical malpractice claims were filed more than three years from the event giving rise to the claim. Chaney v. State, Through Department of Health and Human Resources, 432 So.2d 256 (La. 1983); Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986); Whitnell v. Menville, 540 So.2d 304, 309 (La.1989); Rajnowski v. St. Patrick’s Hospital, 564 So.2d 671, 674 (La.1990). In Hebert, the Supreme Court explained that the three year prescriptive period is a “separate and independent feature” of the statute and was intended to establish a “maximum prescriptive period for medical malpractice claims.” 486 So.2d at 723-24. The Supreme Court has also recognized that “by enacting La. R.S. 9:5628, the legislature has in a limited'manner legislatively overruled the fourth exception of the judicially created doctrine of contra non valentem as it applies to actions for medical malpractice |4filed more than three years from the date of the act, omission or neglect.” Chaney at 259. Accordingly, Ms. Liner’s claim has prescribed.
The plaintiff also contends that La. R.S. 9:5628 is unconstitutional, since it unfairly distinguishes between blood cases which are brought against private hospi-tais, and similar cases which are brought against public hospitals. This issue however has not been properly raised. Louisiana courts have long recognized that the unconstitutionality of a statute must be specially pleaded. Vallo v. Gayle Oil Co., 646 So.2d 859, 865 (La.1994); Hillman v. Akins, 631 So.2d 1, 5 (La.1994); Johnson v. Welsh, 334 So.2d 395 (La.1976). There is nothing in either the original petition or in any other pleading that alleges thé unconstitutionality of any statute, or the statute’s application. Furthermore, it would be imprudent of this Court to allow the plaintiff to amend her petition at this time. In any event, the constitutionality of the prescriptive provisions of the Louisiana Medical Malpractice Act has been upheld many times. Montagino v. Canale, 792 F.2d 554 (5 th Cir.1986); Crier v. Whitecloud, 496 So.2d 305, 308-09 (La.1986); Cheramie v. Terral, 516 So.2d 1329 (La. App. 4 Cir.1987); Landry v. Lafayette General Hospital, 520 So.2d 947 (La.App. 3 Cir.1987).
CONCLUSION
For the forgoing reasons, we find that the trial court did not err in finding that the plaintiffs claims had prescribed. We also find that plaintiffs claims that La. R.S. 9:5628 is unconstitutional have not been properly raised. Accordingly, the judgment of the trial court is affirmed.[3]
| ¡AFFIRMED.

. Infection with hepatitis C may cause symptoms right away, not for years, or sometimes not at all.

. The prescriptive and peremptive period for actions for liability from the use of blood or tissue are now governed by La. R.S. 9:5628.1, enacted by Act No. 539 of the 1999 Regular Legislative Session. However, the provisions of this Act do not affect any legal proceedings filed prior to the effective date of the Act.

. Although we have concluded that the trial court’s finding that Ms. Liner’s claim has prescribed must be affirmed under the current version of the law governing prescription in actions on medical malpractice, we must admit that we are troubled by this conclusion.
In this case, we have a plaintiff who did not discover her infection with Hepatitis C until years after her exposure. The plaintiff filed suit within one year of her diagnosis. However, the Courts of this state are bound to find that her claim has prescribed and is perempt-ed because of La. R.S. 9:5628 and now La. R.S. 9:5628.1
Although we fully understand the public policy behind prescription and peremption, *339 we believe that precluding a person's claim in a situation where she will not even discover her cause until well after it has prescribed or become perempted is too harsh a law and is inequitable. This is especially true when we compare this situation with that of someone who was exposed to asbestos many many years ago and yet is still allowed to maintain a cause of action for those injuries.
It is our humble opinion that the legislature needs to revisit this issue and give some consideration to those who are afflicted with stealth maladies such as Hepatitis C.